T. B. TURNER et al. *v.* BOARD OF SUPERVISORS OF TUNICA CO.

**Board of Supervisors — Suit Against — Injunction Bond.**

　　　It is a condition precedent to a suit for damages on an injunction bond against the board of supervisors of a county that the board has refused to allow the claim.[1]

**Same — Sureties on Injunction Bond.**

　　　The sureties on an injunction bond given by a board of supervisors of a county may be sued for damages on the bond without reference to the right to sue the county, and suit may be brought on the bond against the surities, although the claim for damages has not been presented to the board and refused by it.

The board of supervisors entered into a contract with T. B. Turner, W. H. Bounds and J. A. Jenkins in 1866 to build a

---

1

"Any person having a just claim against any county in this State, which the board of supervisors may refuse to .allow, may bring suit against such board in any court having jurisdiction, and in case such party should recover, the board shall allow the same, and a warrant shall issue, as in other cases; but either party shall have the right of appeal, or writ of error, in such cases, and should the board still refuse to issue a warrant to satisfy such judgment, the property of the county shall be liable for the satisfaction of the same, as in other cases; and the board of supervisors are authorized to sue, and may be sued, in the name of the board of supervisors of the county of .............., in all matters in which the county may be interested. Process in suits against the board may be served on the president, or by filing a copy with the clerk, or leaving the same at his office." Code of 1871, § 1384; Code of 1880, § 2175; Code of 1892, § 292; Code of 1906, § 311.

Before suit can be entered against the board of supervisors, on a claim against the county, a statement of account must be rendered to and rejected by the board; the rejection of a claim being a condition precedent to a right to sue. Westbrook *v.* Bd. of Supervisors of DeSoto Co., 1 Miss. Dec. 203, and cases cited in notes.

A plea of setoff against the county is bad, unless is show that it had been presented to the board and rejected. State *v.* Banks, 66 Miss. 431; 6 So. 184.

This section gives a creditor of a county a right of suit, upon the presentation of his claim for allowance to the board of supervisors and the refusal of the board to allow the same, and it is unnecessary for a creditor having a claim for public work performed to see that the board has taken proper steps to authorize it to make payment. Young *v.* Leflore County, 81 Miss. 466; 33 So. 410.

courthouse and repair the jail, and at the October term, 1866, levied a tax to pay for same. After the completion of the work the board of supervisors issued to the said contractors warrants of the county to the amount of $29,650. After these warrants were issued, the board of supervisors filed their bill in the Chancery Court of Tunica county, and prayed for and obtained a writ of injunction restraining the sheriff from collecting said taxes and the said contractors from collecting the money on the warrants.

A motion to dissolve the injunction was sustained and the bill was dismissed. At the time the injunction was granted the board of supervisors executed an injunction bond.

This suit is brought by the sheriff and the above-named contractors on the injunction bond against the board of supervisors of Tunica county and the sureties on said bond.

The board of supervisors in its second plea, and the sureties in their third plea, set up the defense that the plaintiffs did not present their claim for damages to the board of supervisors for allowance before suit was brought. Plaintiffs demurred to these pleas, and their demurrers were overruled; they declined to amend and their suit was dismissed. From that judgment they appeal.

APPEALED from Circuit Court, Tunica county, E. G. PEYTON, Judge.

Affirmed in part and reversed in part, May 11, 1881.

*Attorneys for appellant, Craft & Cooper, and T. W. White.*

*Attorney for appellees, Calvin Perkins.*

Brief of Craft & Cooper, and T. W. White:

When this suit was brought the Code of 1857 was the law. The question here raised arises upon the construction of article 34, chapter 59, Code of 1857, p. 419. Since this article became the law we have found only three cases reported in which suits have been brought against counties without first presenting to the board of police or supervisors the claim or demand sued for allowance and the same being refused by the board. Two of these cases were for damages growing out of torts, and in neither of them was

this question raised.  Sutton & Dudley *v.* Carroll Co., 41 Miss. 236; Brabham *v.* Hinds County, 54 Miss. 363.

The other was for a definite sum not connected with tort.  Lawrence Co. *v.* Brookhaven, 51 Miss. 68.

In this last case the question was raised, and the court held the demand should have been made and refused before the suit was brought. .

The court below followed this case and held that it was conclusive against our demurrer.  We submit that the question in that case and in ours is wholly different.  The question raised by our demurrer we insist did not arise in their case, and the court below erred in so holding.

In the Brookhaven case the suit was for a definite sum, $689.91, which plaintiff claimed was due it from defendant by reason of certain legislation.  There was no element of tort in that case. It was decided right, and that decision does not at all conflict with out position.  We sue the county for damages growing out of tort—the wrongful suing out by the county of an injunction against us.  We also sue the securities on the injunction bond. The county is liable to us for the tort independent of the bond. The securities are liable because they are on the bond and because by going on the bond they enabled the county to commit the tort. The State, use of Lawrence Co., *v.* Fortenberry, 54 Miss. 316.

Our suit is for unliquidated damages growing out of tort, which we insist the board could not have allowed if the claim had been presented.  The board can make only such allowances as are authorized by law.

The Code of 1857, article 30, p. 419, is in these words:  "The boards of police shall direct the appropriation of the money that may come into the treasury of their respective counties, but shall not appropriate the same to any object not authorized by law."

The Code of 1857, article 32, p. 419, makes provision for the allowance of "demands" and "accounts" against the county.  The "demands" and "accounts" which the board may allow are such *only as are authorized by some statute.*  Klein *v.* Warren County, 51 Miss. 813; Brabham *v.* Hinds County, 54 Miss. 363.

The court in the last case above, on page 364, uses this language:  "The 'demands,' 'accounts,' and 'claims' contemplated in the statute to be audited and allowed by boards of supervisors and authorized to be sued on, if allowance is refused by the board,

are manifestly such liabilities of the county as are provided for by some statute. A county can have no liability except as authorized expressly or by 'necessary implication by some statute.' "

If the board could not have allowed our claim, it follows necessarily that no demand was necessary. For the purpose of auditing and allowing claims against counties, the boards of supervisors and of police have been held to be courts. Carroll v. Tishomingo County, 6 Cush. 38; Attala County v. Grant, 9 S. & M. 77; Yallobusha County v. Carbry, 3 S. & M. 529.

But their jurisdiction on this subject is special and limited; and must be exercised strictly according to the statute conferring the jurisdiction. Ballard v. Davis, 31 Miss. 525.

Any order of the board allowing a claim not authorized by the statute would be void—an absolute nullity. Stockwell v. Nicholson, Walker, 75; Brabham v. Hinds County, 54 Miss. 364; Vick v. Vicksburg, 1 How. 379; Root v. McFerren, 37 Miss. 17; Boyd v. Swing, 38 Miss. 183; Bearman v. Leake County, 42 Miss. 237.

All of the cases reported in which suits have been brought against counties were upon causes of action where the board of police or supervisors could have directed and allowed the claim or demand sued on, except the two cases of Sutton & Dudley v. Carroll County and Brabham v. Hinds County, supra. These two cases were for unliquidated damages growing out of tort, just as ours is. In neither of these cases was this question raised, which fact is persuasive in our favor, and especially so when we consider that these are the only cases in which suits have been brought for unliquidated damages growing out of tort since article 34, p. 419, Code of 1857, became the law. In the Carroll county case, supra, although the question was not raised, yet it was suggested, and the court uses this explicit language, which fully sustains our position, Handy, J., delivering the opinion: "It is questionable whether this provision of law (art. 34, Code. of 1857, p. 419) contemplates a demand against a county for unliquidated damages founded on a tort in any case." Mississippi never had a clearer head nor a finer judge than Judge Handy, and whether this is to be considered the opinion of the court or simply that of Judge Handy, it is entitled to great weight. If in that case the court had been of opinion that the county was liable for damages to plaintiff founded upon the tort set forth in plaintiff's declaration, it cannot be doubted but that the plaintiff's

demurrer would have been overruled and the case remanded to
be tried upon its merits, notwithstanding no demand had been
made of the board of police and refused before plaintiffs brought
this suit.

By reference to the Code of 1857, p. 419, art. 34, and Code
of 1871, § 1381 and Code of 1880, § 2159, it will be seen that
they are identical, with this exception: After the word "allowed"
in seventh line from the top of section 2159, Code of 1880, and
before the words, "and on what account," in ninth line, are in-
serted these words, "the page and particular section of the law
under which such allowance is made." By comparing article
31, Code of 1857, p. 419, and section 1380, Code of 1871, and
section 2162, Code of 1880, on the same subject, we find them
identical. By reference to Hutchinson's Code, p. 709, we find
that the clerks had to transmit to the Auditor of Public Accounts
annually, "the numbers, amounts, and names of claimants of all
such warrants, and also an abstract of the items or services for
which the said warrants were issued." Under this Code, war-
rants were first ordered by county courts, and afterwards by
the board of police. Hutchinson's Code, p. 710, § 3.

From this we argue that there has been no change of law since
Hutchinson's Code. The language of the three codes has the same
meaning, and the only object of the insertion of the words in the
Code of 1880, was to make a little more explicit what was well
understood to be the meaning of the law. It was never the law
that the board of police could allow any claim or demand not
authorized by some statute. There was never a statute which au-
thorized the board of police to audit a claim for unliquidated
damages founded on tort, and no decision can be found which sus-
tains such a doctrine. The Brookhaven case upon which the court
below based its decision does not, nor do we believe that this court
ever will.

The *dicta* in 41 Miss. 236, and 54 Miss. 363, fully sustains
our position. If the Board could not have allowed our claim, or
if an order of the board allowing it would have been a nullity,
there certainly was no necessity of making the demand before the
suit.

Another reason why no demand was necessary: By article 72,
p. 551, Code of 1857, the defendant upon the dissolution of an
injunction is entitled to 5 per cent damages on the amount of the

judgment enjoined. In our case, warrants have been issued and delivered to plaintiffs, Turner and Bounds, by order of the Board of Police, to the amount of $29,650, before the judgment was obtained. The order of the board issuing these warrants was a judgment in favor of plaintiffs. Polk *v.* Tunica County, 52 Miss. 422; Taylor *v.* Marion County, 51 Miss. 731; Klein *v.* Warren County, 51 Miss. 878.

The judgment was wrongfully enjoined, and plaintiffs were clearly entitled to a judgment, upon the dissolution, for 5 per cent damages on the $29,650, or $1,382.50. It will hardly be insisted that a demand would have been necessary before taking judgment for the 5 per cent damages on the dissolution. If not necessary then, why so now in an action on the bond for same damages? Such a position, it would seem, is absurd.

The same reasoning would apply in an attachment suit where damages are awarded against a county. State, Use &c. *v.* Fortenberry, 54 Miss. 316.

Upon the authorities cited, and upon the reasoning above, we insist that our demurrer is good; then this court will reverse the case and remand the cause. * * *

In conclusion, we submit that the plea of the securities is certainly bad. This, it seems to us, is too plain for argument. The bond is joint and several, and the securities became liable on the dissolution of the injunction, and there can be no pretense that there is any law requiring a demand to be made of the board of supervisors before suit can be maintained against the securities. The securities are bound in the bond, whether the county is or not. This is expressly decided in a late case. State, Use &c. *v.* Fortenberry, 54 Miss. 316.

Brief of Calvin Perkins:

But for section 1384, Code of 1871, no suit could be brought against a county. Lawrence County *v.* Brookhaven, 51 Miss. 68; Brabham *v.* Hinds County, 54 Miss. 363.

If that section of the Code is the only authority for suing the county, then the plaintiffs in all such actions must put themselves within its terms—must first present their claims to the board for allowance.

The words "all demands" (section 1381) and "any person having a just claim" (section 1384), will include a claim for un-

liquidated damages as readily as any other claim. The reason which caused the passage of the statute will apply as forcibly to the one class of claims as to the other—namely, that the county may be saved from being unnecessarily vexed with suits and costs. It is the duty of the board to allow all just claims, granting for the sake of argument that the appellants' claim is a just one; if they had presented it to the board in 1868 when the injunction was dissolved, it would have been paid then and the county saved thirteen years' interest and costs of this litigation.

Counsel for appellants are mistaken as to the facts in Sutton & Dudley *v.* Board of Police, 41 Miss. 236. In that case the declaration *did* aver the presentation of the claim. The observation made by Judge Handy that it was *questionable* whether a claim for unliquidated damages need be presented was a mere *dicta,* and the reasons given by him show that the appellants in this case would have no right of action, even though they had presented this claim. Speaking of alleged torts, he said: "For if the act complained of were justified by law * * * no claim or action could be predicated of it, and if it were unauthorized, it would be a matter of individual liability of the members." It was simply a decision that article 34, p. 419, Code 1857, did not enlarge the liabilities of counties, but merely authorized suit to be brought on all legal demands against the county.

We think that Brabham *v.* Hinds County, 54 Miss. 363, points to a very different conclusion from the one drawn by appellants. That case decides that all such claims as are expressly or by implication authorized by statute must be presented to the board of supervisors for allowance; in short, that the claims upon which an action can be sustained, and those which are required to be presented to the board are identical; that they must both be such claims as some statute expressly or by implication makes the county liable to pay; that the Circuit Court, no more than the board of supervisors, can render judgment against a county except upon a liability incurred under some statute. If the appellants have any case at all against Tunica county, it is by implication from the statute which authorized the board of police to sue and be sued. State *v.* Fortenberry, 54 Miss. 316.

The appellants say that presentation was unnecessary because the board could only make such allowances as were authorized by law. If it be true that they have not such a claim as is au-

thorized by law, then the Circuit Court cannot render any judgment in their favor, and the demurrer should be extended to their declaration.

Article 72, p. 551, Code 1857, does not apply to the *quasi* judgments of boards of police.

Supervisors *v.* Klein, 51 Miss.   Bottom of 816 and top of 817. It applies only to judgments upon which executions can issue.
\*   \*   \*

Opinion.—Campbell, J.:

We affirm the judgment as to the board of supervisors.   It is only by virtue of the statute, Code of 1871, § 1384, that a suit may be brought against the board of supervisors of a county, and the condition precedent to such suit on any claim against a county·is that the board of supervisors has refused to allow it. The argument that the board could not allow the claim here sued on proves that it is not a legal demand against the county, if it proves anything, and that would make the judgment on the demurrer right as to the board of supervisors.

The other defendants, sued as sureties on the bond sued on, were liable to be sued, without reference to the right to sue the board of supervisors before it had refused to allow the claim.

The demurrer to the third plea of the sureties was improperly overruled, and as to them the judgment is reversed, and the demurrer to their plea is sustained, and leave given them to answer over, and the cause is remanded for further proceedings as to them.

The costs in this court will be taxed against the parties as to whom the judgment is reversed.

*Reversed.*